IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00215-MR
[CRIMINAL CASE NO. 1:09-cr-00030-MR-1]

| | |
|---|---|
| BRADLEY BRYANT SLAYTON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate Conviction; Alternative Petition for Habeas Corpus Relief under 28 U.S.C. § 2241; Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for a Writ of *Audita Querela* [Doc. 1]. The Government consents to the relief requested. [Doc. 5].

**I.    BACKGROUND**

On April 7, 2009, the Petitioner was indicted by the Grand Jury for this District and charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 1:09-cr-00030-MR-DLH-1, Doc. 1]. In June 2009, the Petitioner pled guilty to the offense as charged without the benefit of a plea agreement. Prior to sentencing the

probation officer completed a Presentence Report (PSR) in which the probation officer summarized the Petitioner's criminal history, including his sole prior felony conviction in North Carolina state court for possession with intent to sell and deliver marijuana, for which the Petitioner was sentenced to 6-8 months in prison. [Id., Doc. 17 at 5]. The Petitioner was ultimately sentenced to 37 months in prison on the § 922(g)(1) conviction, to be followed by two years of supervised release. This Court entered its judgment on February 8, 2010.

The Petitioner did not appeal and, following his term of imprisonment, began his supervised release on January 20, 2012. Six months later, the probation office filed a petition to revoke Petitioner's supervised release, which this Court ultimately did on April 3, 2013, sentencing Petitioner to nine months in prison and another two years of supervised release. [Id., Doc. 38]. The Petitioner served that term of imprisonment and is currently on supervised release.

On July 26, 2013, Petitioner filed the present motion to vacate his § 922(g) conviction under the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), arguing that his prior felony convictions do not qualify as felony offenses for purposes of §

922(g)(1) and that therefore he is actually innocent of the firearm offense of which he was convicted in this Court.

**II.    ANALYSIS**

Generally, a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1). A petitioner may, however, file a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).  In the present case, the Petitioner's § 2255 motion was filed more than one year after the judgment against him became final, and "the right asserted" emanates from the Fourth Circuit's decision in <u>Simmons</u>, not a Supreme Court decision.  As such, the Petitioner's motion is not timely filed pursuant to § 2255(f)(3).

The Government, however, has acted on July 30, 2014, so as to waive reliance on the statute of limitations defense in this case.  [Doc. 5]. Accordingly, the Court will reach the merits of Petitioner's § 2255 motion. <u>See</u> <u>Wood v. Milyard</u>, 132 S. Ct. 1826, 1834 (2012) ("A court is not at liberty . . . to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); <u>Day v. McDonough</u>, 547 U.S. 198 (2006) (finding that

a district court should accept an explicit waiver of the statute of limitation defense); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (stating that, where the Government expressly elects not to enforce waiver provision, the court may decline to consider it). Section 922(g)(1) prohibits the possession of a firearm by any person who has been convicted of "a crime punishable for a term exceeding one year." 18 U.S.C. § 922(g)(1). In Simmons, the Fourth Circuit held that an offense is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit had held that an offense is punishable by more than one year in prison as long as *any defendant* could receive a term of imprisonment of more than one year upon conviction for that offense. See Simmons, 649 F.3d at 247. Thus, for purposes of a qualifying predicate conviction under § 922(g)(1), a predicate conviction is not "punishable for a term exceeding one year," unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.

  In the present case, the Petitioner's most serious prior conviction is a

Class I felony, and under North Carolina General Statutes § 15A-1340.17(c) and (d), the highest sentence the Petitioner could have received for that conviction was ten months. Under <u>Simmons</u>, that conviction was not for an offense punishable by more than one year in prison, and because the Petitioner had no more serious prior convictions, he lacks a qualifying predicate conviction to sustain a § 922(g)(1). Accordingly, relief pursuant to § 2255 is warranted.

**IT IS, THEREFORE, ORDERED** that **the** Petitioner's motion to vacate his conviction under 28 U.S.C. § 2255 [Doc. 1] is **GRANTED**; his conviction and sentence are hereby **VACATED**; and the Bill of Indictment filed in Criminal Case No. 1:09-cr-00030-MR-DLH-1 is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that Petitioner's remaining claims for relief are **DENIED AND DISMISSED AS MOOT**.

The Clerk of Court is directed to provide certify copies of this Order to counsel for the Government, counsel for the Defendant, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: August 1, 2014

Martin Reidinger
United States District Judge